# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

Dr. Michael Moates

Plaintiff

v.

STATE OF NORTH CAROLINA,

STATE OF TEXAS,

STATE OF VIRGINIA, AND

STATE OF NEVADA

Defendants

Case No.: 4-23CV-772-0

**JURY TRIAL DEMANDED**



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 5 2023
2:15pm

CLERK, U.S. DISTRICT COURT
By_____
Deputy

# ORIGINAL PETITION

# COMPLAINT FOR PRELIMINARY INJUNCTION, FINAL INJUNCTION, AND DECLARATORY RELIEF

## INTRODUCTION

Under Fed. R. Civ. P. 65 and the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., Plaintiff Dr. Michael Moates brings suit against the States of NORTH CAROLINA, TEXAS, VIRGINIA, AND NEVADA for declaratory judgment and injunctive relief.

## JURISDICTION

This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 and § 1332.

**Federal Question Jurisdiction**

Plaintiff's claims arise under the United States Constitution, including claims related to the constitutionality of laws and regulations enacted by the Defendants. Therefore, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

**Diversity of Citizenship Jurisdiction**

Additionally, this Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and interest costs. Plaintiff is a resident of Texas, while each of the Defendants are residents

1

of different states. Therefore, this Court has jurisdiction over this case based on diversity of citizenship.

## FACTUAL BACKGROUND

1. Currently, 36 states in the United States have implemented a Behavior Analyst Licensure Act or similar legislation. This Act or legislation requires behavior analysts to obtain a license from the relevant state board to practice within the state.

2. As part of the requirements for licensure, most states require the Behavior Analyst Certification Board (BACB) certification without allowing an alternative.

3. All states listed as Defendants in this lawsuit require Behavior Analyst Certification Board (BACB) certification to be licensed. Some states require this by statute, and others via administrative rules.

   a. North Carolina - N.C. Gen. Stat. § 90-737

   b. Texas - RULE §121.21

   c. Virginia - § 54.1-2957.16

   d. Nevada - NRS 641D.350

4. The core of this lawsuit is the forced association with the Behavior Analyst Certification Board and the implications this forced association has.

## ARGUMENT

5. The mandatory certification requirement by the Behavior Analyst Certification Board (BACB) for behavior analysts to practice within a state is unconstitutional

because it requires forced association with a private organization. This forced association includes forced payment of fees, forced testing, forced to agree to the BACB's contracts, forced to agree to their code of conduct, forced membership, forced to use their certification titles, etc.

6. This mandatory certification requirement for behavior analysts infringes on the First Amendment rights to freedom of association and speech. In Wooley v. Maynard, 430 U.S. 705 (1977), the Supreme Court held that individuals have the right to choose whether or not to speak, including the right to refrain from speaking, and that this right is protected under the First Amendment. In NAACP v. Alabama, 357 U.S. 449 (1958), the Court recognized that the right to freedom of association is also protected under the First Amendment.

7. The Supreme Court has held that compulsory association violates the First Amendment rights of individuals. In NAACP v. Alabama, the Supreme Court held that the state could not compel the NAACP to disclose its membership list, as such disclosure would violate the members' freedom of association and speech. Similarly, in Roberts v. United States Jaycees, the Supreme Court held that the state could not force the Jaycees to admit women as members, as such a requirement would infringe on the Jaycees' freedom of association.

8. The BACB is a private organization that is not accountable to the public or state regulatory bodies and, therefore, should not have the authority to mandate licensure for behavior analysts. This violates the principles of democratic governance and accountability. In North Carolina State Board of Dental Examiners v. Federal Trade Commission, 574 U.S. ___ (2015), the Supreme

Court held that state officials must supervise state regulatory boards controlled by active market participants to avoid antitrust violations. Similarly, in Gormley v. Cohen, 523 F.3d 1068 (9th Cir. 2008), the court held that a private organization that controls access to a licensed profession is considered a state actor subject to constitutional constraints.

9. The mandatory certification requirement also violates the Equal Protection Clause of the Fourteenth Amendment. The Supreme Court has held that laws that discriminate against individuals based on their association with a particular group are subject to strict scrutiny. In Roberts v. United States Jaycees, the Supreme Court applied strict scrutiny to the requirement that the Jaycees admit women as members, and found that the requirement did not serve a compelling state interest.

10. By creating a regulatory board or committee (state boards) open to BACB-certified behavior analysts, alternative perspectives and representation are be excluded from participating in regulatory decisions. This is a violation of the principles of democracy and fair representation. In West Virginia State Board of Education v. Barnette, 319 U.S. 624 (1943), the Supreme Court held that individuals cannot be compelled to salute the flag or pledge allegiance and that the government cannot force individuals to express certain beliefs or participate in certain activities.

11. The Supreme Court has held that delegation of regulatory power to private entities is unconstitutional if there is no adequate level of state supervision. In Parker v. Brown, the Supreme Court held that antitrust laws do not apply to state

regulatory bodies actively supervised by the state. Similarly, in North Carolina State Board of Dental Examiners v. FTC, the Supreme Court held that the North Carolina State Board of Dental Examiners, a regulatory body composed primarily of practicing dentists, was not entitled to state action immunity because the state did not actively supervise it.

12. Furthermore, the BACB's certification requirements are overly burdensome and do not accurately reflect the necessary skills and competencies for effective practice in the field of behavior analysis. This violates due process and equal protection rights. In Washington v. Davis, 426 U.S. 229 (1976), the Supreme Court held that government action that has a discriminatory impact on a particular group is unconstitutional if it is not based on a compelling government interest.

13. The BACB operates a labor union in that it provides a certification process that limits entry into the field of behavior analysis and controls the supply of certified professionals. In United States v. United Foods, Inc., 533 U.S. 405 (2001), the Supreme Court held that concerted activity by a group of independent businesses that limits competition violates antitrust laws.

14. The BACB impacts the supply and cost of behavior analysis services and how insurance billing is handled, being one of four members of the ABA Coding Coalition. No other certification boards are included. In National Society of Professional Engineers v. United States, 435 U.S. 679 (1978), the Supreme Court held that the government does not regulate the practice of professions to create a cartel, limiting competition and raising prices.

5

15. By creating a regulatory board or committee (state boards) open only to BACB-certified behavior analysts, alternative perspectives and representation are excluded from participating in regulatory decisions. This is a violation of the principles of democracy and fair representation.

16. The Supreme Court has held that the right to vote includes the right to participate in government decision-making. In Reynolds v. Sims, the Supreme Court held that state legislative districts must be apportioned based on population to ensure that each citizen's vote is equal in weight. Similarly, in the Board of Estimate of the City of New York v. Morris, the Supreme Court held that the structure of the Board of Estimate, which gave disproportionate voting power to certain members, violated the one person, one vote principle.

17. The Supreme Court has held that due process requires that individuals be given notice and an opportunity to be heard before the government deprives them of a protected interest. In Cleveland Board of Education v. Loudermill, the Supreme Court held that a public employee who could be terminated only for cause was entitled to a pre-termination hearing. Similarly, in Goldberg v. Kelly, the Supreme Court held that welfare recipients were entitled to a pre-termination hearing before their benefits could be terminated.

18. The Supreme Court has also held that laws that impose burdens on exercising fundamental rights must be narrowly tailored to serve a compelling state interest.

19. The Supreme Court has also held that laws that impose burdens on exercising fundamental rights must be narrowly tailored to serve a compelling state interest. In Burwell v. Hobby Lobby Stores, Inc., 573 U.S. ___ (2014), the Supreme Court

held that the government's contraceptive mandate under the Affordable Care Act (ACA) violated the Religious Freedom Restoration Act (RFRA) because it imposed a substantial burden on the exercise of religion without a compelling state interest that was narrowly tailored to achieve that interest. Similarly, the mandatory certification requirement by the BACB imposes a burden on the exercise of fundamental rights, including the First Amendment right to freedom of association and speech.

20. In addition to the constitutional issues surrounding forced association and violation of First Amendment rights, the mandatory certification requirement by the Behavior Analyst Certification Board (BACB) raises concerns about compelled support for political speech. The BACB engages in lobbying efforts, advocating for policies and legislation that may not align with the views or interests of all behavior analysts. As a private organization, the BACB is not held accountable to the public or subject to the same restrictions and regulations as government agencies regarding lobbying. By requiring behavior analysts to obtain BACB certification to practice, states effectively force them to support the BACB's lobbying efforts and political speech, which may violate their right to free expression and association. This compelled support for political speech may also raise concerns about government infringement on the right to petition the government for a redress of grievances, as behavior analysts who object to the BACB's lobbying efforts may be effectively prevented from engaging in advocacy or activism on behalf of their clients or patients.

21. The information on the Behavior Analyst Certification Board (BACB) website, which includes demographic data about its certificates, shows a pattern of discrimination in behavior analysis. The data shows that most BACB certificants are white, non-Hispanic individuals, with very low representation from racial and ethnic minority groups. For example, as of 2021, only 3.3% of certificates identified as Hispanic/Latino, 4.4% identified as Black/African American, and 4.7% identified as Asian.

22. Gender discrimination in behavior analysis is a significant issue. According to data from the Behavior Analyst Certification Board (BACB), as of December 2021, approximately 78% of BACB certificants were female. This suggests a gender disparity in the field, which could indicate factors such as implicit bias in hiring and promotion practices. That number has gone up to 85% in 2023[1].

23. The underrepresentation of men and the overrepresentation of women in specific fields of behavior analysis may reflect gender-based stereotyping and occupational segregation, which limit equal opportunities for all genders to pursue their interests and excel in their careers.

24. This lack of diversity in behavior analysis may have severe consequences for individuals from diverse backgrounds who need services. Research has shown that cultural competence is essential for effective behavioral health services. Clients are more likely to receive treatment when they feel their provider understands their cultural background and experiences. By failing to promote diversity in the field, the BACB may be perpetuating a system in which individuals

---

[1] https://www.bacb.com/bacb-certificant-data/

from marginalized communities are less likely to receive the behavioral health services they need.

25. Furthermore, this lack of diversity may also be a form of discrimination in and of itself. The Supreme Court has recognized that discrimination can take many forms, including intentional discrimination and disparate impact discrimination. Intentional discrimination occurs when an individual is treated unfairly because of their membership in a protected class, such as race, gender, or religion. Disparate impact discrimination, on the other hand, occurs when a policy or practice disproportionately negatively impacts individuals from a particular protected class, even if there is no intent to discriminate.

26. The lack of diversity in behavior analysis, as evidenced by the BACB's own data, may be an example of disparate impact discrimination. Although there is no evidence to suggest that the BACB intentionally discriminates against individuals from diverse backgrounds, the fact that so few certificates come from these communities suggests that the policies and practices of the BACB may have a disproportionate impact on these individuals.

27. Looking at the data provided by the Behavior Analyst Certification Board (BACB) on its certificate demographics, it is notable that the vast majority of individuals certified by the board work in the field of autism. In 2021, 78% of BACB certificants indicated that their primary area of focus was autism spectrum disorder, while the next highest area of focus, developmental disabilities, accounted for only 7% of certificants.

## CAUSES OF ACTION

**First Cause of Action: Violation of First Amendment Rights**

28. Plaintiff re-alleges and incorporates by reference every allegation outlined in the preceding paragraphs of this petition.

29. Requiring behavior analysts to become certified by the Behavior Analyst Certification Board (BACB) to obtain a license forces individuals to engage in speech or expression they do not agree with or support, violating their freedom of speech and conscience.

30. The state's licensure process requiring certification by the Behavior Analyst Certification Board (BACB) creates a system of compelled association, as behavior analysts are forced to join and participate in a particular organization to obtain a license.

31. The requirement for BACB certification is creating a monopoly or limiting competition in behavior analysis, violating the principles of free and open competition protected by the First Amendment.

32. By requiring behavior analysts to obtain BACB certification, states are limiting the ability of individuals with differing views, opinions, or beliefs to participate in behavior analysis, limiting the diversity of ideas and viewpoints available to clients and patients.

33. The BACB's certification process creates a system of compelled speech or expression, as behavior analysts are required to adhere to specific standards or protocols established by the BACB.

34. BACB certification requires creating a system of prior restraint, as behavior analysts are required to obtain certification before they can practice their profession or engage in certain types of speech or expression.

35. By limiting the availability of alternative certifications or associations, states are limiting the ability of behavior analysts to engage in political or social activism or advocacy, limiting their freedom of expression and political participation.

36. The BACB's certification process creates a system of censorship, as behavior analysts must adhere to specific standards or protocols established by the BACB, limiting their ability to express specific viewpoints or opinions.

37. The requirement for BACB certification is creating a chilling effect on behavior analysts, limiting their ability to engage in free and open discourse and expression on various topics related to behavior analysis.

38. The BACB's certification process creates a system of uniformity or conformity, as behavior analysts must adhere to specific standards or protocols established by the BACB, limiting their ability to express or explore alternative approaches to behavior analysis.

39. By requiring behavior analysts to obtain BACB certification, states are limiting the ability of individuals to engage in religious expression or practice, violating their freedom of religion. In this situation, Plaintiff Moates must associate with a group certifying those who shock people without their consent. See Exhibit A - Screenshot of school shocking children. See Exhibit B - List of BACB certified working at said school. See Exhibit C - BACB certified defending shocking.

40. The BACB's certification process is creating a system of regulatory capture, as private organizations exert undue influence on state licensing boards or regulatory agencies, limiting the ability of behavior analysts to engage in independent or critical thinking.

41. Requiring behavior analyst applicants to agree to the BACB's certification terms and conditions to obtain a license could also be seen as violating applicants' First Amendment rights to free speech and association. This is because applicants do not want to associate with the BACB or agree to its terms but are effectively forced to do so to practice their profession.

**Second Cause of Action: Violation of Due Process**

42. By requiring behavior analysts to obtain BACB certification to obtain or renew a license, states are limiting the ability of individuals with alternative or competing certifications to practice their profession, violating their due process rights. For example, the states would be blocking psychiatrists, psychologists, animal behavior analysts, criminal behavior analysts, etc., who have behavior analysis training from becoming licensed behavior analysts unless associated with the Behavior Analyst Certification Board.

43. The requirement for BACB certification is creating a system of regulatory capture or special interests, as private organizations exert undue influence on state licensing boards or regulatory agencies, limiting the ability of behavior analysts to engage in independent or critical thinking. For example, many states require you to follow the BACB Code to be licensed. This code can be changed anytime without notification or public engagement/comment, thus violating due process.

44. The lack of representation or participation of behavior analysts with alternative or competing certifications on state licensing boards or regulatory agencies is limiting the ability of these individuals to engage in the regulatory process, violating their due process rights.

45. By requiring behavior analysts to obtain BACB certification, states are limiting the ability of individuals with disabilities or other disadvantages to participate in behavior analysis, violating their due process and equal protection rights.

46. The Behavior Analyst Certification Board (BACB) is a private organization that operates independently of the state and federal government. As such, the BACB has the right to determine its membership and certification criteria and is not bound by the same procedural protections or due process standards that apply to government agencies or officials. This presents a due process concern for behavior analysts seeking licensure, as the BACB can revoke or suspend certification at any time without the same level of oversight or accountability expected of government agencies. Additionally, because the BACB has the right to determine its own membership criteria, behavior analysts who do not meet the BACB's standards are excluded from the profession altogether without the same procedural protections or review available through a government licensing board or regulatory agency.

47. The lack of clear or transparent procedures for investigating or disciplining behavior analysts who engage in unethical or unprofessional conduct limits the ability of behavior analysts to defend themselves against allegations, violating their due process rights.

48. The sudden implementation of licensure requirements without a grandfather period or bridge for behavior analysts already certified by alternative entities violates their right to due process under the law. This is because the lack of a grandfather period or bridge effectively creates a barrier to entry for behavior analysts who have already met the requirements for certification and prevents them from being able to practice their profession in the state.

49. The sudden implementation of licensure requirements without a grandfather period or bridge for behavior analysts already certified by the alternative entities is also a violation of their property rights, as it effectively nullifies their existing certification and requires them to obtain a new license to continue practicing their profession. This creates an undue burden on behavior analysts who have already invested time and money into obtaining their certification and prevents them from being able to practice their profession effectively.

**Third Cause of Action: Equal Protection**

50. By requiring behavior analysts to obtain Behavior Analyst Certification Board (BACB) certification as the only accepted certification for licensed behavior analysts, states are limiting the ability of individuals with alternative or competing certifications to practice their profession, violating their equal protection rights.

51. The lack of clear or transparent standards for BACB certification or state licensure disproportionately affects behavior analysts from certain demographic or socioeconomic backgrounds, violating their equal protection rights.

52. The lack of representation or participation of behavior analysts with alternative or competing certifications on state licensing boards or regulatory agencies

14

disproportionately affects behavior analysts from certain demographic or socioeconomic backgrounds, violating their equal protection rights.

53. The requirement for BACB certification disproportionately affects behavior analysts with disabilities or other disadvantages, who is face additional barriers or costs in obtaining certification, violating their equal protection rights.

54. The lack of clear or transparent procedures for appealing or challenging decisions related to BACB certification or state licensure disproportionately affects behavior analysts from specific demographic or socioeconomic backgrounds, who do not have the resources or connections to effectively navigate the appeals process, violating their equal protection rights.

55. The lack of clear or transparent mechanisms for ensuring fairness or impartiality in the BACB certification or state licensing process disproportionately affects behavior analysts from specific demographic or socioeconomic backgrounds, who face discrimination or bias in the certification or licensure process, violating their equal protection rights.

56. The lack of clear or transparent procedures for investigating or disciplining behavior analysts who engage in unethical or unprofessional conduct disproportionately affects behavior analysts from specific demographic or socioeconomic backgrounds, who face discriminatory treatment or bias in the disciplinary process, violating their equal protection rights.

57. The requirement for BACB certification disproportionately affects behavior analysts who practice in particular geographic or specialty areas, limiting their

ability to pursue specific career paths or areas of interest and violating their equal protection rights.

58. The lack of alternative or competing certifications for licensed behavior analysts limits the diversity of perspectives and approaches in behavior analysis, violating the equal protection rights of behavior analysts who hold alternative certifications.

59. The requirement for BACB certification disproportionately affects behavior analysts who have obtained their education or training outside of the United States, limiting their ability to practice their profession in the United States and violating their equal protection rights.

60. The lack of clear or transparent mechanisms for ensuring that BACB certification and state licensure requirements align with current research and best practices in behavior analysis disproportionately affects behavior analysts who hold alternative certifications, limiting their ability to provide effective treatment and violating their equal protection rights.

61. The requirement for BACB certification disproportionately affects behavior analysts who practice in certain settings or with specific populations, limiting their ability to provide effective treatment to underserved communities and violating their equal protection rights.

62. The lack of clear or transparent procedures for accrediting educational programs or training institutions in behavior analysis disproportionately affects behavior analysts who have obtained their education or training outside of traditional academic institutions, limiting their ability to obtain licensure or certification and violating their equal protection rights.

**Fourth Cause of Action: Restriction of Competition and Limitation of Innovation**

63. The BACB's certification process limits competition and leads to higher service costs. This violates antitrust laws designed to promote competition and prevent monopolies in the marketplace. It also violates the principles of due process and equal protection enshrined in the Fifth and Fourteenth Amendments of the United States Constitution, which protect the right to fair treatment and equal opportunity under the law.

64. Additionally, the restriction of alternative certifications or approaches could limit innovation and progress within the behavior analysis field, which violates the right to pursue a chosen profession, protected by the Fifth and Fourteenth Amendments.

65. The state's exclusion of behavior analysts with alternative or competing certifications from state licensing boards or regulatory agencies violates the Sherman Antitrust Act, which prohibits monopolistic practices that limit competition and consumer choice.

**Fifth Cause of Action: Violation of Religious Freedom**

66. The requirement for Behavior Analyst Certification Board (BACB) certification as the only accepted certification for licensed behavior analysts violates the religious freedom of behavior analysts who object to the BACB's policies or practices on religious grounds.

67. The BACB's certification of behavior analysts at the Judge Rotenberg Center in Canton, Massachusetts, a facility that uses electric shocks as punishment for

what it deems to be bad behavior, violates the religious freedom of behavior

analysts who object to the use of electric shocks on religious or ethical grounds.

68. The requirement for BACB certification as the only accepted certification for

licensed behavior analysts creates a barrier to entry for behavior analysts who

hold alternative certifications that align with their religious beliefs or values.

69. The lack of clear or transparent mechanisms for accommodating behavior

analysts with religious or cultural objections to specific treatment or therapeutic

approaches limits the religious freedom of behavior analysts who practice within

religious or cultural communities with unique needs or practices.

**Sixth Cause of Action: Violation of Right to Refrain from Union Activities Under**

**the National Labor Relations Act**

70. The requirement for Behavior Analyst Certification Board (BACB) certification, as

the only accepted certification for licensed behavior analysts, creates an

organization or association that functions like a union, violating the right of

behavior analysts to refrain from union activities under the NLRA.

71. The BACB's exclusion of behavior analysts with alternative or competing

certifications from state licensing boards or regulatory agencies creates an

organization or association that functions like a union, violating the right of

behavior analysts to refrain from union activities under the NLRA. See Exhibit D.

72. The requirement for behavior analysts to pay fees to the BACB for certification

constitutes compelled union dues or fees, violating the right of behavior analysts

to refrain from union activities under the NLRA.

73. The BACB's practice of revoking or suspending certification without clear or transparent procedures for appealing or challenging decisions constitutes arbitrary and capricious union discipline, violating the right of behavior analysts to refrain from union activities under the NLRA.

74. The requirement for behavior analysts to obtain BACB certification to be licensed effectively creates a closed shop, a type of union security agreement that requires all employees in a bargaining unit to be union members. This violates the right to refrain from union activities under the NLRA.

75. The lack of a clear or transparent process for obtaining a waiver or exemption from the BACB certification requirement constitutes an undue burden on behavior analysts who wish to exercise their right to refrain from union activities under the NLRA.

76. The BACB's role in setting the standards for behavior analyst certification and licensure gives it an undue influence over state licensing boards or regulatory agencies, which could be considered a form of union coercion or interference with the right to refrain from union activities under the NLRA.

77. The BACB's role in setting the standards for behavior analyst certification and licensure is to create an incentive for behavior analysts to join or remain members of the BACB to maintain their eligibility for licensure. This is a form of union pressure or interference with the right to refrain from union activities under the NLRA.

78. The lack of clear or transparent procedures for challenging the BACB's certification or licensure requirements constitutes an unfair labor practice under

the NLRA, as it effectively limits behavior analysts' ability to exercise their right to refrain from union activities.

**Seventh Cause of Action: Violation of Privacy Rights**

79. The BACB requires behavior analysts to provide personal information to obtain certification, including their name, contact information, educational background, and work experience. This constitutes a violation of behavior analysts' right to privacy. The government is entitled to this information, but a private organization is not.

80. The BACB's certification and licensure requirements require behavior analysts to disclose private information about their clients or patients to demonstrate their competency or ethical conduct, which violates the privacy rights of clients or patients who have not consented to disclose their information.

81. The BACB's certification and licensure requirements require behavior analysts to submit to background checks or provide information about criminal history or disciplinary actions, constituting a violation of privacy rights.

82. The lack of clear or transparent procedures for challenging or appealing decisions made by the BACB regarding certification or licensure results in behavior analysts' private information being disclosed without their consent, violating privacy rights.

83. The BACB's role in setting the standards for behavior analyst certification and licensure gives it access to private information about behavior analysts that would not otherwise be available to the public or to state licensing boards or

regulatory agencies, which constitutes a violation of the privacy rights of behavior analysts who have not consented to the disclosure of this information.

**Eight Cause of Action: Violation of State and Federal Contract Law**

84. Requiring behavior analyst applicants to agree to the BACB's certification terms and conditions to be licensed by the state effectively forces them to enter into a contract with the BACB, which could constitute a violation of state and federal contract law. This is because the state effectively requires applicants to agree to terms set by a private entity to practice their profession rather than setting their own licensing requirements based on the state's and its citizens' needs. Additionally, this is a violation of applicants' rights to due process, as they cannot negotiate or challenge the contract terms with the BACB.

**Ninth Cause of Action: Violation of the Civil Rights Act of 1964**

85. AS AMENDED, Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment practices, including certification processes, based on sex. The plaintiff alleges that the BACB's certification process has a disparate impact on men and women, with a significantly higher percentage of women being certified as behavior analysts than men. Any legitimate business or professional purpose does not justify this disparate impact and therefore violates Title VII of the Civil Rights Act of 1964.

86. Gender Discrimination: Plaintiff alleges that the BACB certification process discriminates against men by having a significantly higher percentage of women certified as behavior analysts than men. Any legitimate business or professional

purpose does not justify this disparate impact and is, therefore a violation of Title VII of the Civil Rights Act of 1964.

87. Race Discrimination: Plaintiff alleges that the BACB certification process discriminates against individuals of color in the field of behavior analysis by limiting their opportunities for advancement, promotion, and equal pay compared to their white counterparts. This constitutes a violation of Title VII of the Civil Rights Act 1964, as amended.

88. Specialty Discrimination: Plaintiff alleges that the BACB certification process discriminates against behavior analysts who specialize in areas other than autism by limiting their opportunities for advancement, promotion, and equal pay compared to those who specialize in autism. This constitutes a violation of Title VII of the Civil Rights Act 1964, as amended.

**Tenth Cause of Action: Violation of the Rehabilitation Act of 1973**

89. The requirement for certification by the BACB is a violation of the Rehabilitation Act of 1973, which prohibits discrimination based on disability in programs and activities receiving federal financial assistance. By requiring behavior analysts to become certified by the BACB to obtain a license, states are limiting the participation of individuals with disabilities who cannot obtain BACB certification due to factors beyond their control.

90. This violates the Rehabilitation Act, which requires that individuals with disabilities be provided with equal access to programs and activities.

**CONCLUSION**

In conclusion, the mandatory certification requirement by the Behavior Analyst Certification Board (BACB) is unconstitutional and violates the First Amendment rights of behavior analysts. The BACB's certification process creates a system of compelled association, limits competition, and potentially violates due process and equal protection rights. Furthermore, the fact that the BACB engages in lobbying activities creates a conflict of interest. It unfairly forces individuals to pay for lobbying efforts by requiring them to join the certification organization.

Therefore, we request that this court strike down any law or administrative regulation that requires BACB certification as a prerequisite for practicing behavior analysis in any state. We also request that a preliminary injunction be issued to prevent the enforcement of any such law or regulation until the court has had the opportunity to review this matter and make a final determination thoroughly. Additionally, we ask that this court issue a declaratory statement that the mandatory certification requirement by the BACB is unconstitutional and violates the First Amendment rights of behavior analysts.

We hope that this court will recognize the importance of protecting the rights of individuals to associate and speak freely and that it will take appropriate action to

remedy this unconstitutional requirement. We thank the court for its time and consideration of this matter.

**/s/ Michael Moates, EdD, Pro Se**

4501 Nautilus Circle #710

Fort Worth, Texas

254-966-2837

mike@cpmht.com

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| | |
|---|---|
| **I. (a) PLAINTIFFS**<br><br>DR. MICHAEL MOATES | **DEFENDANTS**<br><br>STATE OF TEXAS, NORTH CAROLINA, NEVADA, AND VIRGINIA |
| **(b)** County of Residence of First Listed Plaintiff **TARRANT**<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant **TARRANT**<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

RECEIVED

JUL 25 2023

2:15pm SEM

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government<br>Plaintiff | ☒ 3 Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government<br>Defendant | ☐ 4 Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br> & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br> Student Loans<br> (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br> of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br> Liability<br>☐ 320 Assault, Libel &<br> Slander<br>☐ 330 Federal Employers'<br> Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br> Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br> Product Liability<br>☐ 360 Other Personal<br> Injury<br>☐ 362 Personal Injury -<br> Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br> Product Liability<br>☐ 367 Health Care/<br> Pharmaceutical<br> Personal Injury<br> Product Liability<br>☐ 368 Asbestos Personal<br> Injury Product<br> Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br> Property Damage<br>☐ 385 Property Damage<br> Product Liability | ☐ 625 Drug Related Seizure<br> of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br> 28 USC 157<br>**INTELLECTUAL<br>PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br> New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br> Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br> 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br> Corrupt Organizations<br>☐ 480 Consumer Credit<br> (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br> Protection Act<br>☐ 490 Cable/Sat TV |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br> Accommodations<br>☐ 445 Amer. w/Disabilities -<br> Employment<br>☐ 446 Amer. w/Disabilities -<br> Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br> Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br> Conditions of<br> Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br> Act<br>☐ 720 Labor/Management<br> Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br> Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br> Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br> Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br> or Defendant)<br>☐ 871 IRS—Third Party<br> 26 USC 7609 | ☐ 850 Securities/Commodities/<br> Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br> Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br> Act/Review or Appeal of<br> Agency Decision<br>☒ 950 Constitutionality of<br> State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
US CONSTITUTION
Brief description of cause:
FORCED ASSOCATION WITH THIRD PARTY TO ENJOY LICENSURE AND PRACTICE PROFESSION

**VII. REQUESTED IN
COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S)
IF ANY**
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

| | |
|---|---|
| DATE<br>Jul 25, 2023 | SIGNATURE OF ATTORNEY OF RECORD<br>/S/ MICHAEL MOATES, EDD, PRO SE |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.