**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MICHAEL MOATES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00772-O-BP** |
| | § | |
| **STATE OF NORTH CAROLINA, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**<u>ORDER</u>**

On July 25, 2023, the *pro se* plaintiff Michael Moates filed his complaint against the Defendants. ECF No. 1. Because he paid the filing fee, Moates is now responsible for serving the Defendants with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If the Defendants are not served within 90 days after the filing of the complaint, the action is subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l) requires the plaintiff to file proof of service with the Court unless service is waived. This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If the plaintiff does not file a valid return of service or otherwise shows that the Defendants were properly served, this action may be dismissed as to any Defendant who was not properly served.

It is so **ORDERED** on July 26, 2023.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE