# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Dr. Michael Moates<br><br>Plaintiff<br><br>v.<br><br>STATE OF NORTH CAROLINA,<br><br>STATE OF TEXAS,<br><br>STATE OF VIRGINIA, AND<br><br>STATE OF NEVADA<br><br>Defendants | Case No.: 4:23-cv-00772<br><br>**JURY TRIAL DEMANDED** |

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Under Rule 65(b) of the Federal Rules of Civil Procedure, Plaintiff Dr. Michael Moates, Pro Se, urgently moves this Court for a Temporary Restraining Order against enforcing the Behavior Analyst Certification Board (BACB) certification requirement for licensure nationwide.

**INTRODUCTION**

The North Carolina Behavior Analysis Board began issuing licenses in July. As per the recent law (SL 2022-74, House Bill 103, Section 9K.3), a 60-day window was provided, allowing behavior analysts accredited by the Qualified Applied Behavior Analysis Credentialing Board (QABA) to practice after the Behavior Analyst Licensure Act went into effect. This window is set to close in September. It will effectively bar many qualified behavior analysts from practicing, causing immediate and irreparable harm to the professionals and the clients they serve.

**ARGUMENT**

*Immediate and Irreparable Injury*

Once the 60-day window closes, many behavior analysts cannot practice, leading to a sudden cessation of essential services to vulnerable clients. Vulnerable clients include clients engaged in self-harm, harm to others, property destruction, sexual behaviors, personal hygiene concerns, and much more. This (immediate cessation of services by qualified practitioners) will cause immediate and irreparable harm to the behavior analysts and their clients, who rely on these services for their well-being.

*Likelihood of Success on the Merits*

Plaintiff contends that the mandatory BACB certification requirement is unconstitutional and violates antitrust laws. The enforcement of this requirement will restrict competition, control prices, and suppress innovation in the field.

*Balance of Equities*

The harm that will be suffered by Plaintiff and other behavior analysts, as well as their clients, far outweighs any potential harm to the Defendants. The BACB will continue to operate and certify behavior analysts. Still, without a restraining order, many professionals will be barred from practicing, and many clients will be left without the essential services needed to live safely.

*Public Interest*

Granting a temporary restraining order serves the public interest by ensuring access to essential services, upholding constitutional rights, and promoting competition in the professional sector.

**REQUEST FOR RELIEF**

Given the impending closure of the 60-day window and the immediate and irreparable harm that will result, the Plaintiff respectfully requests that this Court:

1. Issue a Temporary Restraining Order enjoining the enforcement of the BACB certification requirement for licensure nationwide.

2. Schedule an expedited hearing on the Plaintiff's Motion for Preliminary Injunction.

3. Grant any other relief the Court deems just and proper.

Respectfully submitted,

**/s/ Michael Moates, EdD, Pro Se**

4501 Nautilus Circle #710

Fort Worth, Texas

254-966-2837

mike@cpmht.com

Plaintiff commits to making every conceivable effort to notify the Defendants of this motion for a temporary restraining order. This notification will be comprehensive, utilizing multiple channels to ensure timely and effective communication. Specifically, the Defendants will be notified via mail, ensuring a physical record of the communication. In addition, fax transmissions will be sent to all available fax numbers associated with the Defendants, providing an immediate electronic record of the communication. To further ensure that the Defendants are promptly and adequately informed, phone calls will be made to the appropriate parties, during which the Plaintiff will request an email address to which the motion for a temporary restraining order can be sent directly. This multi-pronged approach ensures that the Defendants are fully aware of the motion and have ample opportunity to respond. The Plaintiff recognizes the importance of clear and open communication and is committed to ensuring that the Defendants are fully informed at every stage of the process.

**/s/ Michael Moates, EdD, Pro Se**

4501 Nautilus Circle #710

Fort Worth, Texas

254-966-2837

mike@cpmht.com