# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Dr. Michael Moates | Case No.: 4:23-cv-00772 |
| Plaintiff | |
| v. | **JURY TRIAL DEMANDED** |
| STATE OF NORTH CAROLINA, | |
| STATE OF TEXAS, | |
| STATE OF VIRGINIA, AND | |
| STATE OF NEVADA | |
| Defendants | |

# BRIEF IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

**INTRODUCTION**

This brief is submitted to support Plaintiff Dr. Michael Moates's Emergency Motion for a Temporary Restraining Order against enforcing the Behavior Analyst Certification Board (BACB) certification requirement for licensure in the State of North Carolina.

*BACKGROUND*

The North Carolina Behavior Analysis Board began issuing licenses in July. A subsequent law provided a 60-day window, allowing behavior analysts accredited by the Qualified Applied Behavior Analysis Credentialing Board (QABA) to practice. This window will close in September, barring many qualified behavior analysts from practicing.

**ARGUMENT**

*Immediate and Irreparable Injury*

The impending enforcement of the BACB certification requirement will result in many behavior analysts' immediate cessation of services. This will cause immediate and irreparable harm to the behavior analysts and their clients, who rely on these services for their well-being.

The abrupt enforcement of the BACB certification requirement poses a severe and immediate threat to a particularly vulnerable segment of our society. Many clients who rely on behavior analysts for their well-being exhibit behaviors that are self-harming, aggressive towards others, or destructive to property. Others grapple with challenges

related to sexual behaviors or essential personal hygiene concerns. For these individuals, consistent therapeutic intervention is not just beneficial—it's crucial. The sudden cessation of services due to the exclusion of QABA-certified professionals would mean countless individuals would lose access to their trusted and experienced behavior analysts overnight. These QABA-certified professionals have, in many cases, been practicing and providing essential services for years, building rapport and trust with their clients.

***Likelihood of Success on the Merits***

Plaintiff contends that the mandatory BACB certification requirement is unconstitutional and violates antitrust laws. The enforcement of this requirement will restrict competition, control prices, and suppress innovation in the field.

Moreover, the mandate to associate exclusively with the BACB raises significant First Amendment concerns. The Constitution protects individuals from being compelled to speak or associate against their will. By forcing behavior analysts to join the BACB, the state effectively compels them to adopt and express views they might disagree with, mainly as they must accept the BACB's ethics code. Additionally, the mandatory payment of dues, the imposition of specific titles, and other requirements amount to forced association and speech. Such a mandate not only infringes upon the rights of behavior analysts but also jeopardizes the well-being of the individuals the regulations aim to protect.

*Balance of Equities*

The harm that will be suffered by Plaintiff and other behavior analysts, as well as their clients, far outweighs any potential harm to the Defendants. The BACB will continue to operate and certify behavior analysts. Still, without a restraining order, many professionals will be barred from practicing, and many clients will be left without essential services.

The abrupt cessation of behavior analysis services to vulnerable populations carries profound and potentially catastrophic consequences. Due to their specific behavioral challenges, many of these individuals rely heavily on the consistent and tailored interventions provided by their behavior analysts. Disruption in these services can lead to a rapid escalation in harmful behaviors, both to themselves and others. For instance, individuals with self-harming tendencies might experience increased episodes of self-inflicted injuries without the therapeutic interventions that help manage or mitigate such behaviors. Similarly, those who exhibit aggressive behaviors could pose heightened risks to family members, caregivers, or peers in their absence.

Beyond the immediate physical dangers, there's also the psychological and emotional toll to consider. The sudden loss of a trusted therapist can lead to feelings of abandonment, heightened anxiety, and regression in therapeutic progress. For many, the relationship with their behavior analyst is built on trust and consistency; its sudden disruption can be profoundly destabilizing. Furthermore, for those struggling with personal hygiene or inappropriate sexual behaviors, the absence of regular

3

interventions can lead to deteriorating personal health, increased risk of infections, or socially challenging situations.

In essence, the sudden cessation of services doesn't just risk reversing the progress made by these individuals; it actively endangers their physical, emotional, and psychological well-being. The potential for harm, both immediate and long-term, underscores the critical importance of ensuring uninterrupted access to these essential services.

*Public Interest*

Granting a temporary restraining order serves the public interest by ensuring access to essential services, upholding constitutional rights, and promoting competition in the professional sector.

*Status Quo*

Central to this motion is the preservation of the status quo that has been established and maintained across numerous states. For years, behavior analysts certified by QABA have provided essential services to vulnerable populations, establishing a recognized and adequate standard of care. These professionals have been trained and certified to the highest standards and have built relationships, trust, and therapeutic rapport with their clients and their families. The established status quo represents a balanced ecosystem where clients receive care from professionals they trust, and professionals operate under a certification system they respect.

By abruptly altering this equilibrium, we risk immediate harm to clients and the destabilization of a system that has functioned effectively for years. The status quo is not merely a matter of tradition or convenience; it represents a carefully calibrated balance of interests, ensuring that clients receive the best possible care while professionals operate under clear, consistent, and fair regulations. Disrupting this balance, especially without clear justification or a phased transition plan, is not in the best interest of the clients, the professionals, or the broader community. It is imperative to protect this status quo to ensure continuity of care, uphold the rights of professionals, and maintain the integrity of the behavior analysis field across the states.

**CONCLUSION**

For the reasons set forth above, the Plaintiff respectfully requests that this Court grant the Emergency Motion for a Temporary Restraining Order, enjoining the enforcement of the BACB certification requirement for licensure nationwide.

Respectfully submitted,

**/s/ Michael Moates, EdD, Pro Se**

4501 Nautilus Circle #710

Fort Worth, Texas

254-966-2837

mike@cpmht.com

Plaintiff commits to making every conceivable effort to notify the Defendants of this motion for a temporary restraining order. This notification will be comprehensive, utilizing multiple channels to ensure timely and effective communication. Specifically, the Defendants will be notified via mail, ensuring a physical record of the communication. In addition, fax transmissions will be sent to all available fax numbers associated with the Defendants, providing an immediate electronic record of the communication. To further ensure that the Defendants are promptly and adequately informed, phone calls will be made to the appropriate parties, during which the Plaintiff will request an email address to which the motion for a temporary restraining order can be sent directly. This multi-pronged approach ensures that the Defendants are fully aware of the motion and have ample opportunity to respond. The Plaintiff recognizes the importance of clear and open communication and is committed to ensuring that the Defendants are fully informed at every stage of the process.

**/s/ Michael Moates, EdD, Pro Se**

4501 Nautilus Circle #710

Fort Worth, Texas

254-966-2837

mike@cpmht.com