UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MICHAEL MOATES, §<br>    *Plaintiff,* §<br>§<br>v. §<br>§<br>STATE OF NORTH CAROLINA, et al., §<br>    *Defendant.* § | Civil Action No. 4:23-cv-00772-O-BP |

**DEFENDANT'S MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

TO THE HONORABLE REED C. O'CONNOR

Defendant, the State of Texas, files this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and Response in Opposition to Plaintiff's Motion for Preliminary Injunction. In support thereof, the State of Texas respectfully offers the following.

**I.     INTRODUCTION**

On July 25, 2023, Michael Moates ("Plaintiff") filed a complaint against the State of Texas alongside the State of North Carolina, Virginia, and Nevada. (ECF No. 1).  Plaintiff alleges a violation of his First Amendment rights (Count I); Due Process rights (Count II); Equal Protection rights (Count III); a violation of his Due Process and Equal Protection rights under the Fifth and Fourteenth Amendment due to a "restriction of competition and limitation on innovation" (Count IV); a violation of his religious freedom under the First Amendment (Count V); a violation of the National Labor Relations Act (Count VI); a violation of his privacy rights (Count VII); a violation of State and Federal contract law (Count VIII); a violation of Title VII of the Civil Rights Act of 1964 (Count IX); and a violation of the Rehabilitation Act of 1973 (Count X).  (ECF No. 1 at 10-22).

Plaintiff's complaint stems from his opposition to 16 Tex. Admin. Code § 121.21, which was adopted by the Texas Register on April 27, 2018, and went into effect on May 1, 2018. 16 Tex. Admin. Code § 121.21.  Plaintiff specifically takes issue with the requirement that in order to qualify for licensure as a behavior analyst, a person must:

> (1) hold current certification as a Board-Certified Behavior Analyst or a Board Certified Behavior Analyst-Doctoral or equivalent, issued by the Behavior Analyst Certification Board or its equivalent as approved by the department; and
> (2) be in compliance with all professional, ethical, and disciplinary standards established by the certifying entity.

16 Tex. Admin. Code § 121.21(a)(1)-(2).  Plaintiff has attempted to bring this suit against various state and federal actors/agencies in the past on other grounds but ultimately nonsuited the case or abandoned it all together.  *Moates v. Arismendez, in his capacity as Executive Director of the Texas Department of Licensing and Regulation; et. al*, No. 4:22CV-262-P (N.D. Tex. Apr. 24, 2022); *Moates v. Abbott et al.*, No. 22-3236-431 (Tex.Cnty.Ct. May 25, 2022); *Moates v.Biden et al.*, No. 6:22-CV-00626 (W.D. Tex. Feb. 15, 2023).  To Defendant's knowledge this is Plaintiff's first instance of bringing these specific claims against these specific Defendants.

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.  "Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). When the court lacks statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Hooks v. Landmark Indus., Inc.*, 797 F.3d 30, 312 (5th Cir. 2015).  Generally, "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158,

161 (5th Cir. 2001) (citation omitted). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) motion before addressing any motion as to the merits. *Ramming*, 281, F.3d at 161. "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3)

### B. Federal Rule of Civil Procedure 12(b)(6)

Rule 12 (b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The complaint must set forth enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 554, 570 (2007). A claim is factually plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a court accepts all well-pleaded facts as true, "conclusory allegations, unwarranted factual inferences, or legal conclusions" are not accepted as true. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). Rather, a plaintiff must plead facts with enough specificity "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

(citation omitted). "Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief." *Howe v. Yellowbook, USA*, 804 F.Supp.2d 970, 975 (N.D. Tex. 2011).

### C. Preliminary Injunction

Injunctive relief is an extraordinary remedy; one that "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). The applicants must show,

> (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.

*City of El Cenizo v. Tex.*, 890 F.3d 164, 176 (5th Cir. 2018) (brackets, citation omitted).

## III. THIS COURT LACKS JURISDICTION TO HEAR PLAINTIFF'S CLAIMS

### A. Plaintiff Lacks Standing to Bring This Suit.

To establish standing, Plaintiff must show: (1) an actual or imminent, concrete, and particularized injury-in-fact; (2) that is fairly traceable to the challenged action of the defendant; and (3) that is likely to be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 180-181 (2000).

First, Plaintiff has failed to allege how 16 Tex. Admin. Code § 121.21 has caused actual or imminent, concrete, and particularized injury-in-fact specific to him. Plaintiff's complaint does not allege that Plaintiff is a behavior analyst, that he has been denied licensure because of the regulation, or even that he plans on applying for licensure. (ECF No. 1). To the extent Plaintiff attempts to claim that he brings this suit on behalf of others affected by this regulation, he is unable to do so as a *pro se* litigant. *Martin v. Revere Smelting & Refining Corp.*, No. 3-03-CV-2589-D,

2004 WL 852354 at *1 (N.D. Tex. Apr. 16, 2004), *rec. adopted in part*, 2004 WL 1161373 (N.D. Tex. May 24, 2004) ("individuals who do not have a law license may not represent other parties in federal court").

Finally, the State of Texas is the incorrect defendant for the lawsuit that Plaintiff brings. Plaintiff does "not direct this [c]ourt to any enforcement authority the [State of Texas] possesses in connection with" 16 Tex. Admin. Code § 121.21 that a federal court might enjoin it from exercising. *Whole Woman's Health v. Jackson*, 154 S.Ct. 522, 534 (2021).

Plaintiff's complaint should be dismissed because he has no standing to bring this suit.

**B.  Plaintiff's Lawsuit is Barred by the Eleventh Amendment.**

This court lacks subject-matter jurisdiction because the State of Texas enjoys sovereign immunity, pursuant to the Eleventh Amendment.  "In most cases, Eleventh Amendment sovereign immunity bars private suits against nonconsenting states in federal court." *City of Austin v. Paxton*, 943 F.3d 993 (5th Cir. 2019) (citing *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011)).  However, there are exceptions to this general rule. A state may explicitly and unequivocally waive sovereign immunity through a "clear declaration." *Hall v. Tex. Comm'n on Law Enf't*, 685 F.App'x 337, 339 (5th Cir. 2017) (per curiam) (quoting *Sossamon v. Tex.*, 563 U.S. 277, 284 (2011)).  Additionally, "Congress may abrogate sovereign immunity through a clear expression of the intent to do so if it acts 'pursuant to a valid exercise of power.'" *Id.* at 340 (quoting *Seminole Tribe of Fla. V. Fla.*, 517 U.S. 44, 55 (1996)).  Finally, "the Eleventh Amendment does not bar suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *City of Austin*, 943 F.3d at 1004.

Here, the Plaintiff has named the State of Texas as one of the defendants in his suit and has failed to identify any applicable waiver to sovereign immunity.  Plaintiff's complaint consists of

ten causes of action most of which allege various violations of Plaintiff's First Amendment Rights (Counts I and V), Fourteenth Amendment Rights (Counts II, III, IV, and VIII), privacy rights (Count VII), contract law (Count VIII), as well as three specific causes of action that are directly tied to federal statutes (Counts VI, IX, and X).  (ECF No. 1 at pp.10-22).  Most of these causes of action lack any waiver of sovereign immunity, and the few that do contain such a waiver are not applicable to this suit.  From the outset, Plaintiff's notions of violations of contract law and privacy rights are not identifiable causes of action, and to the extent that they are, the burden is still on the Plaintiff to demonstrate a waiver of the State of Texas' sovereign immunity regarding those claims.

Furthermore, the statutes that Plaintiff does name fail to waive the State of Texas' sovereign immunity.  Count Six of Plaintiff's complaint alleges that the State of Texas' has violated Plaintiff's right to refrain from union activities as specified under the National Labor Relations Act, but the National Labor Relations Act provides for no waiver of a state's sovereign immunity, nor does Plaintiff even allege that it does.  *See* 29 U.S.C. §§ 151-169.  Plaintiff's ninth and tenth causes of action do cite statutes that contain waivers of sovereign immunity, but those waivers do not apply to Plaintiff's complaint.  The ninth cause of action alleges a violation of Title VII of the Civil Rights Act of 1964.  (ECF No. 1 ¶¶ 85-88).  Title VII's waiver of sovereign immunity applies when seeking damages "against a state found to have discriminated in employment on the basis of race, religion, color, sex or national origin." *Jagnandan v. Giles*, 538 F.2d 1166, 1180 (5th Cir. 1976) (citing *Fitzpratick v. Bitzer*, 427 U.S. 445 (1976).  Here, the State of Texas is not the Plaintiff's employer nor has the Plaintiff alleged that it is.  Finally, Plaintiff's tenth cause of action alleges a violation of the Rehabilitation Act of 1973.  The Rehabilitation Act also contains a waiver of sovereign immunity. 42 U.S.C. § 2000d-7.  Yet, that exception is specifically regarding Section 504 of the Rehabilitation Act, which prohibits an individual from

being excluded, denied, or being subjected to "discrimination under any program or activity receiving Federal financial assistance" due to their disability. 29 U.S.C. § 794(a). Plaintiff has not alleged that he has any disability that would allow him to bring suit under Section 504 of the Rehabilitation Act, and to the extent that he attempts to bring suit on behalf of other people, he is incapable of doing so as a *pro se* plaintiff. *Martin v. Revere Smelting & Refining Corp.*, No. 3-03-CV-2589-D, 2004 WL 852354 at *1 (N.D. Tex. Apr. 16, 2004), *rec. adopted in part*, 2004 WL 1161373 (N.D. Tex. May 24, 2004) ("individuals who do not have a law license may not represent other parties in federal court").

Plaintiff's claims fail to abrogate the State of Texas' sovereign immunity, and thus, the Court should dismiss his complaint.

### C. Plaintiff Fails to Establish Diversity Jurisdiction.

Plaintiff alleges that this court has subject matter jurisdiction under Federal Question Jurisdiction and Diversity Jurisdiction. (ECF No. 1 at p. 1). Federal Question jurisdiction grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity Jurisdiction, however, requires that the amount in controversy exceed the sum or value of $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

While Plaintiff alleges that the amount in controversy exceeds $75,000, he has failed to request any kind of monetary relief or outline how the amount in controversy exceeds $75,000. In fact, Plaintiff's complaint does not seek any kind of monetary relief and instead Plaintiff requests "that this court strike down any law or administrative regulation that requires BACB certification as a prerequisite for practicing behavior analysis in any state." (ECF No. 1 at p. 23). Plaintiff also

seeks a preliminary injunction and declaratory relief, which still does not meet the amount in controversy requirement. *Id.*

More importantly though, Plaintiff fails to meet the diversity requirement of Diversity Jurisdiction. A State is not a citizen for purposes of diversity jurisdiction. *Moor v. Alameda County*, 411 U.S. 693, 717 (1973); *see also State of Minn. V. N. Sec. Co.*, 194 U.S. 48, 63 (1904) ("Of course, the circuit court could not take cognizance of the case as one presenting a controversy between citizens of different states, for the state of Minnesota is not a citizen within the meaning of the Constitution or the acts of Congress."). Thus, Plaintiff has not established that this suit presents a controversy between citizens of different states as all the named defendants are states and therefore not citizens for the purpose of diversity jurisdiction. Furthermore, even if the State of Texas could be seen as a citizen for purposes of diversity jurisdiction, it would obviously be a citizen of Texas, thereby breaking Plaintiff's diversity. *Lincoln Property Co. v. Roche*, 564 U.S. 81, 89 (2005) ("we have read the statutory formulation 'between … citizens of different States' to require complete diversity between all plaintiffs and all defendants").

Therefore, to the extent that Plaintiff's claims rely on diversity jurisdiction to establish subject-matter jurisdiction those claims should be dismissed for a lack of diversity jurisdiction.

### IV. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

"'[D]ismissal under Rule 12(b)(6) may be appropriate based on a successful affirmative defense,' provided that the affirmative defense 'appear[s] on the face of the complaint.'" *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.,* 976 F.3d 585, 588 (5th Cir. 2020) (citing *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006). The face of the complaint clearly shows that Plaintiff has failed to abrogate the State of Texas' sovereign immunity, thus dismissal is also proper under Rule 12(b)(6).

Furthermore, Plaintiff's complaint is riddled with mere conclusory allegations that are inadequate "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. Plaintiff is unable to demonstrate how the regulation in question violates any constitutional amendment and the case law he points to is not remotely on point to the issue at hand. Even when going by the standards set in the statutes that Plaintiff does cite, he fails to plead sufficient facts to keep his complaint afloat. Plaintiff does not allege that the State of Texas is his employer for purposes of Title VII of the Civil Rights Act, and Plaintiff does not allege that he has a disability for purposes of the Rehabilitation Act.

As a matter of law, the claims against the State of Texas must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

V. **PLAINTIFFS ARE NOT ENTITLED TO PRELIMINARY INJUNCTION**

Plaintiff is not entitled to the "extraordinary remedy" of a preliminary injunction. *Winter*, 555 U.S. at 24. He is not likely to succeed on the merits, he faces no irreparable harm, his alleged injury does not outweigh the threatened harm an injunction would create, and granting an injunction would disserve the public interest. *See City of El Cenizo*, 890 F.3d at 176.

   A. **Plaintiffs have not demonstrated a substantial likelihood that they will prevail on the merits.**

As set forth in the Motion to Dismiss outlined above, Plaintiffs lack a substantial likelihood of success on the merits.

   B. **The irreparable injury factor does not weigh in Plaintiff's favor because they seek to greatly alter the status quo with this preliminary injunction.**

"The 'purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *Benisek v. Lamone*, 138 S.Ct. 1942, 1945 (2018) (*per curiam*) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). Not only does a

preliminary injunction in this case greatly alter the status quo, it is unnecessary. As previously stated, Plaintiff has not alleged that he seeks to become a behavior analyst in Texas or any of the states that he wants this Court to enjoin with his injunction. The regulation that Plaintiff complains of has also been in effect for five years in Texas, giving Plaintiff more than enough time to have qualified for certification to be licensed as a behavior analyst in Texas.

Furthermore, Plaintiff seeks to greatly alter the relative positions of the parties through this motion for preliminary injunction, and thus, it is the Defendants—and ultimately the constituents of the Defendants—that will suffer irreparable injury if this Court grants preliminary injunctive relief. Should a preliminary injunction be granted, it would cause the licensure requirements for behavior analysts, that the State of Texas has been using for the past five years, to be upended. Plaintiff also seeks this injunction on three other states, further increasing the amount of people that will be affected.

### C.  The equitable balance and public interest disfavor an injunction.

The balance of equities and the public interest "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Fundamentally, a state acts towards the wellbeing of its constituents. When legislators pass laws, and those laws are challenged, "the good faith of the state legislature must be presumed." *Abbott v.* Perez, 138 S.Ct. 2305, 2324 (2018). The Supreme Court has acknowledged that "[a]ccording to settled principles, the police power of a state must be held to embrace, at least, such reasonable regulations established directly by legislative enactment as will protect the public health and the public safety." *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 25 (1905). The Defendants harm substantially outweighs any alleged hypothetical injury that Plaintiff complains of. Further, granting the preliminary injunction will disserve the public's interest in properly vetting behavior analysts.

## VI. CONCLUSION

For the foregoing reasons, the State of Texas respectfully request that this Court grant Defendant's Motion to Dismiss in its entirety, or alternatively, to deny Plaintiff's motion for preliminary injunction.

Respectfully submitted,

**ANGELA COLMENERO**
Provisional Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Interim Deputy Attorney General Civil Litigation

**KIMBERLY GDULA**
Deputy Chief, General Litigation Division

**RYAN KERCHER**
Deputy Chief, General Litigation Division

/s/ *Eric Fineman*
ERIC FINEMAN
Texas Bar No. 24131811
eric.fineman@oag.texas.gov

Office of the Attorney General
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667

*Counsel for the State of Texas*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been filed and served electronically through the Court's Electronic Case File system on this the 28th day of August, 2023, upon all counsel of record.

**Michael Moates**
4501 Nautilus Circle #710
Fort Worth, TX 76112
254-966-2837
Email: mike@behaviormed.org


                                          */s/ Eric M. Fineman*
                                          **ERIC M. FINEMAN**
                                          Assistant Attorney General