IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MICHAEL MOATES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00772-O-BP |
| § | |
| STATE OF NORTH CAROLINA, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff Michael Moates's Complaint, filed July 25, 2023 (ECF No. 1), and Motion for Temporary Restraining Order and Brief in Support filed August 16, 2023 (ECF Nos. 14-15). The case was referred to the undersigned automatically under Special Order 3 on July 25, 2023. ECF No. 5. After considering the Complaint, Motion, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Motion.

**I.   BACKGROUND**

Moates alleges that thirty-six states have implemented licensing acts requiring behavior analysts to be licensed by the applicable state board to practice in that state. ECF No. 1. Defendants all require Behavior Analyst Certification Board (BACB) certification as a prerequisite for licensing, and they do not allow for alternative certifications. *Id.* Moates raises several challenges to this regime, including violations of (1) the First Amendment; (2) Due Process (3) Equal Protection; (4) "restriction of competition and limitation of innovation"; (5) religious liberties; (6) the National Labor Relations Act; (7) privacy rights; (8) state and federal contract law; (9) Title VII of the Civil Rights Act of 1964; and (10) the Rehabilitation Act of 1973. *See id.*

Moates appears to move for a temporary restraining order against the BACB certification requirement in North Carolina. ECF. No. 14. The Motion asks the Court to "enjoin the enforcement of the BACB certification requirement for licensure nationwide." ECF No. 14. But the specific harms that Moates alleges only pertain to North Carolina's new law and its sixty-day grace period. *Id.* The Motion makes no claim about any other state's licensing regime, so the Court construes Moates's Motion for Temporary Restraining Order as regarding only North Carolina.

Moates asserts that North Carolina's law will go into effect in September, but he does not allege that this will harm him in any way. ECF No. 15. Rather, he generally alleges harm to "[m]any clients who rely on behavior analysts" for a variety of different ailments. ECF No. 15. Moates also moves for an expedited hearing on his Motion for Preliminary Nationwide Injunction. ECF No. 14.

## II.   LEGAL STANDARDS

To obtain a temporary restraining order or preliminary injunction, the movant must show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the preliminary injunction [or temporary restraining order] will not disserve the public interest." *Texas v. United States*, 95 F. Supp. 3d 965, 973 (N.D. Tex. 2015). Granting a temporary restraining order or preliminary injunction is an "extraordinary remedy," and the party seeking the remedy must clearly carry the burden of persuasion on each element to prevail. *See Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985).

Additionally, because courts have limited jurisdiction "it is incumbent upon the Court to address whether the case falls within the subject-matter jurisdiction of the federal courts." *Indeplus Grp. of Companies, Inc. v. Sebelius*, No. 3:10-CV-0557-O, 2010 WL 1372488, at *2 (N.D. Tex.

Apr. 7, 2010) (citing *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981)). If a court lacks subject matter jurisdiction, then it has no authority to issue an injunction. *Fed. Nat. Mortg. Ass'n v. Burns*, No. 3:13-CV-995-O, 2013 WL 2420878, at *5 (N.D. Tex. June 3, 2013).

While litigants have the right to proceed in federal court pro se, pro se litigants may not represent other parties. *Wade v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3-09-CV-0346-O, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009) (citing *Martin v. Revere Smelting & Refining Corp.*, No. 3-03-CV-2589-D, 2004 WL 852354, at *1 (N.D. Tex. Apr.16, 2004)). Thus, to the extent Moates pleads on behalf of other persons, the law does not permit Moates to proceed pro se on behalf of those persons.

Standing "is jurisdictional in nature." *Fla. Dep't of Ins. v. Chase Bank of Texas Nat. Ass'n*, 274 F.3d 924, 928-29 (5th Cir. 2001) (citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 475-76 (1982)). To establish standing, Plaintiff must show (1) an actual or imminent, concrete, and particularized injury in fact; (2) fairly traceable to the defendant's conduct; (3) that is redressable. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

### III. ANALYSIS

To the extent Moates pleads on behalf of himself, he fails to show any concrete and particularized injury. *See* ECF No. 1. He does not assert that he is a behavior analyst, that he is seeking to become one, that he has been or will be barred from practicing in North Carolina, nor that he will not be permitted to see North Carolinian patients. *Id.* Indeed, Moates appears to reside in Texas, so the North Carolina law seems to have no impact on him. *Id.* at 4. Because Moates has not shown standing, the Court does not have subject matter jurisdiction, and may not issue a temporary restraining order.

Thus, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Moates's Motion for Temporary Restraining Order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 29, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE