# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Dr. Michael Moates<br><br>Plaintiff<br><br>v.<br><br>STATE OF NORTH CAROLINA,<br><br>STATE OF TEXAS,<br><br>STATE OF VIRGINIA, AND<br><br>STATE OF NEVADA<br><br>Defendants | Case No.: <u>4:23-cv-00772</u><br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

# OBJECTION TO FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (DKT 19)

Your Honor,

I, Dr. Michael Moates, respectfully submit this objection to the findings and recommendations made by the Magistrate Judge in the above-referenced case. After thorough review of the Magistrate Judge's report and the evidence presented, I believe there are significant legal and factual oversights that warrant reconsideration by this Court.

Mischaracterization of Professional Identity: The Magistrate Judge's report states, "He does not assert that he is a behavior analyst…" This statement, while technically accurate, is misleading. The reason I have not asserted myself as a "Behavior Analyst" is precisely because the current law prohibits me from doing so without BACB certification. This restriction not only infringes upon my professional identity but also misleads potential clients and the general public about my qualifications and expertise.

Ripeness of the Claims: The Magistrate Judge's assertion that my claims are not ripe for judicial review is incorrect. My application for licensure and its subsequent denial under the BACB certification requirement provides concrete evidence of the immediate and personal stake I have in the outcome of this litigation.

First Amendment Claims: The Magistrate Judge's recommendation downplays the severity of the First Amendment violations at hand. The mandatory BACB certification requirement compels behavior analysts like myself to join and financially support the

1

BACB, regardless of whether we agree with or wish to support its views, goals, or methods.

Antitrust Claims: The Magistrate Judge's recommendation does not adequately address the antitrust concerns raised. By mandating a single certification body, the states are effectively granting a monopoly to the BACB, which can lead to anticompetitive practices.

State Law Claims: The Magistrate Judge's recommendation overlooks the valid concerns raised under state laws that govern professional certification, monopolistic practices, and the protection of consumers.

Preliminary Injunction / Emergency TRO: The Magistrate Judge's recommendation against the issuance of a Preliminary Injunction or an Emergency Temporary Restraining Order fails to recognize the immediate and irreparable harm faced by professionals like myself and our clients.

Public Interest: Contrary to the Magistrate Judge's findings, the public interest is best served when professionals can practice without undue restrictions. The public also benefits from a competitive marketplace, which can lead to innovation, lower prices, and better services.

2

In conclusion, I respectfully request that this Court reconsider the Magistrate Judge's recommendations in light of the arguments and evidence presented. Granting the requested relief not only aligns with legal principles but also serves the broader public interest, ensuring access to essential services and upholding the foundational rights enshrined in our Constitution.

Respectfully submitted,

**/s/ Dr. Michael Moates**

4501 Nautilus Circle #710

Fort Worth, Texas

 254-966-2837

mike@cpmht.com

CERTIFICATE OF SERVICE

I hereby certify that on 29 August 2023, a true and correct copy of the foregoing Motion for Entry of Default was served on all counsel of record via Electronic Filing System.

Respectfully submitted,

**/s/ Dr. Michael Moates**

4501 Nautilus Circle #710

Fort Worth, Texas

 254-966-2837

mike@cpmht.com