# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

MICHAEL MOATES,

Plaintiff,

v.

STATE OF NORTH CAROLINA, et al.,

**Civil Action No. 4:23-cv-00772-O-BP**

## BRIEF OF DEFENDANT STATE OF NORTH CAROLINA FILED IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR PRELIMINARY INJUNCTION, FINAL INJUNCTION AND DECLARATORY RELIEF

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF THE CASE .............................................................................. 2

STATEMENT OF ALLEGED FACTS ................................................................. 3

DISMISSAL STANDARD .................................................................................... 4

ARGUMENT ......................................................................................................... 6

I. PLAINTIFF DID NOT PROPERLY SERVE DEFENDANTS .......................... 6

II. PLAINTIFF'S COMPLAINT IS BARRED BY THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. ...................... 7

  A. A Private Citizen's Due Process, Equal Protection and Section 1983 Suit Against a State Is Barred by the Eleventh Amendment ....... 8

III. PLAINTIFF LACKS STANDING TO ASSERT HIS CLAIMS ........................ 9

IV. THE COMPLAINT FAILS TO STATE A CLAIM ........................................... 12

  A. Plaintiff's Constitutional Claims Fail as a Matter of Law .................. 12

  B. Plaintiff Failed to State a Claim Under the Sherman Act .................. 13

  C. The Plaintiff's Assertions That the Act Violates the National Labor Relations Acts Fails to State a Claim ........................................ 14

  D. Plaintiff Has Failed to State a Claim Under the Rehabilitation Act ... 15

CONCLUSION ....................................................................................................... 15

CERTIFICATE OF SERVICE ................................................................................ 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdelfattah v. United State Dep't of Homeland Sec.*,
787 F.3d 524 (D.C. Cir. 2015) ......................................................................... 6

*Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*,
635 F.2d 434 (5th Cir. 1981) ........................................................................... 5

*Alabama v. Pugh*,
438 U.S. 781 (1978) ......................................................................................... 9

*Arizonans for Off. Eng. v. Arizona*,
520 U.S. 43 (1997) ........................................................................................... 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................... 5, 6

*Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of* Carpenters, ("AGC"),
459 U.S. 519 (1983) ....................................................................................... 12

*Babbitt v. United Farm Workers Nat'l Union*,
442 U.S. 289 (1979) ....................................................................................... 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................... 5, 6

*Blackburn v. City of Marshall*,
42 F.3d 925 (5th Cir. 1995) ............................................................................. 6

*California v. Texas*,
141 S. Ct. 2104, 210 L. Ed. 2d 230 (2021) ................................................... 10

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) ....................................................................................... 11

*Davis v. Bayless, Bayless & Stokes*,
70 F.3d 367 (5th Cir. 1995) ............................................................................. 6

*Davis v. Fed. Election Comm'n*,
554 U.S. 724 (2008) ......................................................................................... 9

*Davis v. United States Dep't of the Treasury,*
   No. 18-1041, 2022 WL 1311482 (M.D. La. Feb. 28, 2022) ........................................ 6

*Dupre v. Touro Infirmary,*
   235 F.3d 1340 (5th Cir. 2000) .................................................................................... 5

*Edelman v. Jordan,*
   415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974) ............................................ 7

*Fantone v. Latini,*
   780 F.3d 184 (3d Cir. 2015) ........................................................................................ 6

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.,*
   528 U.S. 167 (2000) ............................................................................................. 9, 10

*Graham v. Connor,*
   490 U.S. 386 (1989) ................................................................................................... 12

*Hagans v. Lavine,*
   415 U.S. 528 (1974) ..................................................................................................... 9

*Holly v. Metro. Transit Auth.,*
   213 F. App'x 343 (5th Cir. 2007) ............................................................................... 5

*Janus v. AFSCME, Council 31,*
   138 S. Ct. 2448, 201 L. Ed. 2d 924 (2018) .............................................................. 14

*Jebaco, Inc. v. Harrah's Operating Co.,*
   587 F.3d 314 (5th Cir. 2009) .................................................................................... 12

*Johnston v. Multidata Systems Intern. Corp.,*
   523 F.3d 602 (5th Cir. 2008) ...................................................................................... 5

*Knox v. SEIU, Local, 1000,*
   567 U.S. 298 (2012) ................................................................................................... 14

*Lujan v. Defs. of Wildlife,*
   504 U.S. 555 (1992) ............................................................................................. 9, 11

*Luv N'Care, Ltd. v. Insta-Mix, Inc.,*
   438 F.3d 465 (5th Cir. 2006) ...................................................................................... 4

*Martin v. Revere Smelting & Refining Corp.,*
   No. 3-03-CV-2589-D, 2004 WL 852354 (N.D. Tex. Apr. 16, 2004) .......................... 10

*MedImmune v. Genentech,*
   549 U.S. 118 (2007) ................................................................................................. 11

*Mine Workers v. Gibbs,*
   383 U.S. 715 (1966) .................................................................................................. 9

*N.C. State Bd. of Dental Exam'rs v. FTC,*
   574 U.S. 494 (2015) ........................................................................................... 13, 14

*Parker v. Brown,*
   317 U.S. 341 (1943) ................................................................................................. 14

*Pfouts v. N.C. Central Univ.,*
   No. 1:02CV00016, 2003 U.S. Dist. LEXIS 4643 (M.D.N.C. Mar. 24, 2003) ........... 14

*Quern v. Jordan,*
   440 U.S. 332 (1979) .................................................................................................. 8

*Raj v. La. State Univ.,*
   714 F.3d 322 (5th Cir. 2013) ............................................................................. 7, 8, 9

*Ramming v. United States,*
   281 F.3d 158   (5th Cir. 2001) ............................................................................... 4, 7

*Sanger Ins. Agency v. HUB Int'l, Ltd.,*
   802 F.3d 732 (5th Cir. 2015) .................................................................................. 12

*Shabazz v. City of Houston,*
   515 F. App'x 263 (5th Cir. 2013) .............................................................................. 6

*Shannon v. Henderson,*
   No. 01–10346, 2001 WL 1223633, (5th Cir. September 25, 2001) ......................... 15

*In Re: Sec'r of Dep't of Crime Control & Pub. Safety,*
   7 F.3d 1140 (4th Cir. 1993) ...................................................................................... 8

*Stearns Airport Equip. Co. v. FMC Corp.,*
   170 F.3d 518 (5th Cir. 1999) ................................................................................... 13

*Steffel v. Thompson,*
   415 U.S. 452 (1974) ................................................................................................. 11

*Susan B. Anthony List v. Driehaus,*
  573 U.S. 149 (2014) ................................................................................ 11

*System Signs Supplies v. U.S. Dept. of Justice,*
  903 F.2d 1011 (5th Cir. 1990) ................................................................... 5

*Thomas v. Salvation Army S. Terr.,*
  841 F.3d 632 (4th Cir. 2016) ..................................................................... 6

*Three Expo Events, LLC v. City of Dallas,*
  907 F.3d 333 (5th Cir. 2018) ..................................................................... 9

*Tileston v. Ullman,*
  318 U.S. 44 (1943) .................................................................................. 10

*United States v. Grinnell Corp.,*
  384 U.S. 563 (1966) ................................................................................ 13

*Verizon Commc'ns, Inc. v. Law Offices of Curtis V. Trinko,*
  540 U.S. 398 (2004) ................................................................................ 13

*Wade v. Carrollton-Farmers Branch Indep. Sch. Dist.,*
  No. 3-09-CV-0346-O, 2009 WL 2058446 (N.D. Tex. July 14, 2009) ........ 10

*Will v. Mich. Dep't of State Police,*
  491 U.S. 58 (1989) .................................................................................. 12

*Wyatt v. Kaplan,*
  686 F.2d 276 (5th Cir. 1982) ..................................................................... 4

**Statutes**

15 U.S.C. § 2 ................................................................................................ 19

28 U.S.C. § 2201 .......................................................................................... 16

42 U.S.C. § 1983 .................................................................................. 8, 14, 15

N.C. Gen. Stat. § 90-737 ................................................................................ 9

N.C. Gen. Stat. § 90-733(a)(1)-(3) ............................................................... 20

N.C. Gen. Stat. § 116-221 ............................................................................ 14

N.C. Gen. Stat. § 143-300.35 ........................................................................ 14

N.C. Gen. Stat. § 143-300.6 .......................................................................... 14

N.C. Gen. Stat. §§ 90-731-747 ........................................................................ 9


**Rules**

Fed. R. Civ. P. 4(c)(2) ............................................................................ 12, 13

**Regulations**

29 C.F.R. § 1614.101(b) ................................................................................ 21

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

MICHAEL MOATES,

Plaintiff,

v.

STATE OF NORTH CAROLINA, et al.,

**Civil Action No. 4:23-cv-00772-O-BP**

## BRIEF OF DEFENDANT STATE OF NORTH CAROLINA FILED IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR PRELIMINARY INJUNCTION, FINAL INJUNCTION AND DECLARATORY RELIEF

This case arises from a pro-se complaint initiated by Plaintiff Michael Moates. Plaintiff initially sued Nevada, Texas, Virginia, and North Carolina. (Doc. No. 1)   On September 5, 2023, Plaintiff filed a Notice of Dismissal as to the State of Virginia and the State of Nevada. (Doc. No. 25)). Dismissal is appropriate in this case pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).   First, Plaintiff failed to properly serve the State of North Carolina.   Second, Eleventh Amendment Immunity bars Plaintiff's Complaint. Third, Plaintiff lacks standing to assert the claims in the Complaint.   Finally, Plaintiff has failed to assert any facts to sufficiently state a claim.   For any and all of these reasons, Plaintiff's Complaint against the State of North Carolina should be dismissed.

## STATEMENT OF THE CASE

The Plaintiff, a resident of Texas (Doc. No. 1), is proceeding *pro se*.   Plaintiff filed his Complaint on July 25, 2023. (Doc. No. 1).   On September 5, 2023, Plaintiff filed a Notice of Dismissal as to the State of Virginia and the State of Nevada. (Doc. No. 25)   The remaining Defendants, North Carolina, and Texas, are sovereign states within the United States of America.   Plaintiff asserts the following claims against Defendants:

| Cause of Action |
| --- |
| Count I: Violation of the First Amendment to the United States Constitution (freedom of speech and association) |
| Count II: Violation of the Fifth Amendment to the United States Constitution (due process) |
| Count III: Violation of the Fourteenth Amendment to the United States Constitution (Equal Protection) |
| Count IV: Violation of the Sherman Act (restriction of competition and limitation of innovation) |
| Count V: Infringement on religious liberties |
| Count VI: Violation of National Labor Relations Act (right to refrain from union activities) |
| Count VII: Violation of Privacy Rights |
| Count VIII: Violation of State and Federal Contract Law |
| Count IX: 42 U.S.C. § 1983 (Disparate Impact) |
| Count X:   Violation of Rehabilitation Act of 1973 |

Plaintiff asks this Court, *inter alia,* to enter a declaratory judgment, as well as preliminary and permanent injunctive relief giving enforcement relief to his requested declaration, that N.C. Gen. Stat. §§ 90-731-747 (entitled "The North Carolina Behavior Analyst Licensure Act") and, in particular, N.C. Gen. Stat. § 90-737 (together, the "Act"), are unconstitutional.   (Doc. No. 1, pages 10-23).

## STATEMENT OF ALLEGED FACTS

Plaintiff alleges that 36 states in the United States have implemented Behavior Analyst Licensure Acts or similar legislation, which mandate that behavior analysts obtain a license to practice within the state. To meet the licensure requirements, most of these states require behavior analysts to obtain certification from the Behavior Analyst Certification Board (BACB) and do not provide an alternative pathway. The lawsuit focuses on the mandatory association with the BACB and its implications, particularly in states like North Carolina, Texas, Virginia, and Nevada, where BACB certification is required either by statute or administrative rules. (Doc. No. 1, ¶¶1-4)

The Plaintiff fails to allege that he is a behavior analyst, that he seeks to become a behavior analyst, that the North Carolina Behavior Analyst Licensure Board (the "Board") or the Act prevents him from seeing patients or that, as a resident of Texas, the Act, a North Carolina statute, applies to or affects him.   He does not allege that he has ever applied to the Board for a behavior analyst license—or that the Board has ever denied him any such license.

Moreover, the Plaintiff nowhere alleges that he is certified by the BACB, that he is "associated with the BACB or that he has been denied behavior analyst certification by the BACB.   He also does not allege that he is certified as a behavior analyst by any non-BACB "alternative entity."   Finally, the Plaintiff does not allege that the Act has harmed him or will harm him in any way.   Instead, he states in his Memorandum of Law in Support of his Motion for Temporary Restraining Order that the Act will or may cause harm to "many clients who rely on behavior analysts." (Doc. No. 19, page 2)   None of these "many clients" is named as a party to this lawsuit and the Plaintiff does not allege that he is one of these clients.

## DISMISSAL STANDARD

A motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may assert either that the complaint fails to state facts upon which subject-matter jurisdiction may be based or attack the existence of subject matter jurisdiction in fact, apart from the complaint.   *Ramming v. United States*, 281 F.3d 158   (5th Cir. 2001). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court.   *Id.*

Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (*citing Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). When a court rules on a motion to dismiss for lack of

personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

A Rule 12(b)(5) motion seeks dismissal for failure to properly effectuate service. "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner. *System Signs Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). The fact that the plaintiff is pro se does not excuse the failure to properly effect service of process. *System Signs Supplies*, 903 F.2d at 1013; *Dupre v. Touro Infirmary*, 235 F.3d 1340 (5th Cir. 2000).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must meet the pleading standards of Federal Rule of Civil Procedure 8, "[which] governs the pleading standard 'in all civil actions and proceedings in the United States district courts.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).   To avoid dismissal, the Complaint here must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).   A claim is plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged" – a standard that requires more than facts "that are 'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).

Conclusory allegations and legal conclusions are not entitled to the assumption of truth on a motion to dismiss. *Iqbal*, 556 U.S. at 678–684; *Davis v. Bayless, Bayless & Stokes,* 70 F.3d 367, 371 (5th Cir. 1995) (relying on *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

This plausibility requirement applies to *pro se* pleadings as well as those drafted by lawyers. *Thomas v. Salvation Army S. Terr.*, 841 F.3d 632, 637 (4th Cir. 2016); *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 533 (D.C. Cir. 2015); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015).

## **ARGUMENT**

## I.   **PLAINTIFF DID NOT PROPERLY SERVE DEFENDANTS**.

Plaintiff filed an "affidavit of service" in this matter attesting that he mailed all documents on the docket by certified mail to the Attorney Generals of each State Defendant.   (Doc. No. 8)   The described service does not comply with the Federal Rules of Civil Procedure.   Rule 4 provides, in relevant part, that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2).   Thus, a plaintiff—even one proceeding pro se—may not effectuate service himself by sending a copy of the summons and complaint through certified mail. *See Shabazz v. City of Houston*, 515 F. App'x 263 (5th Cir. 2013) (Rule 4(c)(2) "prohibits service by a party"); *Davis v. United States Dep't of the Treasury*, No. 18-

1041, 2022 WL 1311482, at *3 n.24 (M.D. La. Feb. 28, 2022), report and recommendation adopted, 2022 WL 1311474 (M.D. La. Mar. 15, 2022) (citing Fed. R. Civ. P. 4(c)(2)).

Here, Plaintiff—a party to this action—mailed the Summons and Complaint to Defendant North Carolina himself, and as a result, service was defective under Rule 4(c)(2).   Plaintiff's Complaint should be dismissed for improper service.

## II.   PLAINTIFF'S COMPLAINT IS BARRED BY THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists.   *E.g., Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

If asserted, a state's Eleventh Amendment sovereign immunity mandates the dismissal by a federal court of the lawsuit against the state:

> The Eleventh Amendment states that '[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens or Subjects of any Foreign State.'   'This withdrawal of [subject matter] jurisdiction effectively confers an immunity from suit.'   *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993).   Therefore, 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'   *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974).
>
> \* \* \* \* \*
>
> Eleventh Amendment immunity applies to both federal and state law claims brought in federal court.   *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013); *Robertson v. McShan*, No. 05-20055, 2005 U.S. App. LEXIS 22717, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (*per curium*).

The North Carolina General Assembly has not waived the State's sovereign immunity except in certain narrow, limited circumstances, *Pfouts v. N.C. Central Univ.,* No. 1:02CV00016, 2003 U.S. Dist. LEXIS 4643 * 15 (M.D.N.C. Mar. 24, 2003), none of which are applicable to this case.[1]   Moreover, the Ex parte Young exception to state sovereign immunity only allows private parties to bring "suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).   The Ex Parte Young exception is inapplicable here.

### A.   A Private Citizen's Due Process, Equal Protection and Section 1983 Suit Against a State Is Barred By The Eleventh Amendment.

Federal courts do not infer that Congress intended to abrogate a state's Eleventh Amendment sovereign immunity except where Congress uses "clear language [stating] that the constitutional immunity was swept away" by Congress' legislation.   *E.g., Quern v. Jordan,* 440 U.S. 332, 344 (1979).

---

[1] *See, e.g.,* N.C. Gen. Stat. § 143-300.35 (providing that the State waives its Eleventh Amendment sovereign immunity "for the limited purpose of allowing State employees, …, to maintain lawsuits in State and federal courts … under [The Fair Labor Standards Act, The Age Discrimination in Employment Act, The Family Medical Leave Act and the Americans With Disabilities Act]"); N.C. Gen. Stat. § 116-221 (dealing with the State's higher educational institutions, held not to waive the State's Eleventh Amendment immunity in negligence cases and cases against the State's universities pursuant to 42 U.S.C. § 1983—*Pfouts,* 2003 U.S. Dist. LEXIS at *15); N.C. Gen. Stat. § 143-300.6, providing that the State will pay judgments awarded by "courts of competent jurisdiction" held not to waive the State's Eleventh Amendment sovereign immunity—*In Re: Sec'r of Dep't of Crime Control & Pub. Safety,* 7 F.3d 1140, 1142, 1145-46 (4th Cir. 1993), *cert. denied*, 511 U.S. 1109 (1994).

Due process and equal protection claims brought by a private citizen against a state in federal court are barred by the Eleventh Amendment.   *E.g., Raj* 714 F.3d at 328 n. 2.   Moreover, Congress has not abrogated state sovereign immunity under 42 U.S.C. § 1983.   *Raj*, 714 F. 3d at 328.

Accordingly, if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim. *See Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam ). This constitutional bar applies to any purported pendent claims as well. *See Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).   *See also Hagans v. Lavine*, 415 U.S. 528, 545 (1974) (terming pendent jurisdiction "a doctrine of discretion"). Accordingly, Plaintiff's claims are barred by Eleventh Amendment Immunity.

## III.   PLAINTIFF LACKS STANDING TO ASSERT HIS CLAIMS.

Article III of the United States Constitution restricts a court's jurisdiction to the decision of "cases" or "controversies."   U.S. Const. art. III; *see Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997). Standing is an essential part of the case or controversy requirement. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008). "Article III standing requires plaintiffs to demonstrate that they have suffered an 'injury in fact' that is 'fairly traceable' to the defendant's actions and will 'likely ... be redressed by a favorable decision.' "   *Three Expo Events, LLC v. City of Dallas*, 907 F.3d 333, 341 (5th Cir. 2018) (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).   The doctrine "ensure[s] ... the federal courts are devoted to those disputes

in which the parties have a concrete stake." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000).

The requirement of "justiciability" is grounded in the … Constitution's provision that the judicial power of the United States extends to cases and controversies.   U.S. Const. art. III, § 2.   Thus, a federal district court does not have subject matter jurisdiction over an action unless it presents the requisite case or controversy.[2]   No justiciable controversy is presented when, *inter alia,* the plaintiff lacks standing to maintain the action.   *See, e.g., Tileston v. Ullman,* 318 U.S. 44, 45 (1943). Moreover, "a plaintiff must demonstrate standing separately for each form of relief sought."   *Friends of the Earth, Inc.*, 528 U.S. at 185.

Here, the Plaintiff does not allege that he is a member of any of the classes or categories of persons he claims are affected by the Act or by the Board's activities. He does not allege that he has ever applied to the Board for a behavior analyst license, or that he is a behavior analyst licensed to practice in North Carolina.   Moreover, the Plaintiff appears to be a resident of Texas, not North Carolina.

Therefore, the North Carolina statute about which the Plaintiff complains, and the actions of the Board do not apply to him.   Furthermore, Plaintiff cannot represent the interests of those persons and groups of people who he alleges are adversely affected by the Act.   *Wade v. Carrollton-Farmers Branch Indep. Sch. Dist.,*

---

[2] The federal statute authorizing the declaratory judgment remedy, 28 U.S.C. § 2201, explicitly incorporates Article III's case or controversy limitation and does not provide an independent cause of action.   *See California v. Texas*, 141 S. Ct. 2104, 210 L. Ed. 2d 230, 239 (2021).

No. 3-09-CV-0346-O, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009); *Martin v. Revere Smelting & Refining Corp.,* No. 3-03-CV-2589-D, 2004 WL 852354, at *1 (N.D. Tex. Apr. 16, 2004).

Therefore, the Complaint fails to demonstrate an injury-in-fact because Plaintiff has not shown that any alleged harms are actual or imminent. To satisfy Article III's injury-in-fact requirement, a plaintiff's alleged harm must be "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. "An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (*quoting Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (cleaned up)); *see also MedImmune v. Genentech*, 549 U.S. 118, 128–29 (2007) (explaining that a plaintiff need not "expose himself to liability before bringing suit to challenge the basis of [a] threat" of harm); *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (noting that a plaintiff need not be subject to enforcement action to have standing).

To establish standing based on future injury, a plaintiff must allege an "intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [law], and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List*, 573 U.S. at 158–59 (*quoting Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). The allegations in the Complaint fail to assert facts that demonstrate any likelihood that Plaintiff will suffer

injury in the future that the declaratory relief he seeks would redress.    Accordingly, Plaintiff lacks standing.

Similarly, Plaintiff lacks standing to assert a claim under the Sherman Act. Antitrust injury is necessary for a plaintiff to pursue either a Section 1 or Section 2 claim under the Sherman Act.    *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 319 (5th Cir. 2009). Antitrust injury is a component of antitrust standing. Antitrust standing, in turn, is a judicially-created set of threshold requirements that a private plaintiff must show before a court can entertain its antitrust claims.    *See Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters* ("AGC"), 459 U.S. 519, 535 & n.31 (1983).    The three antitrust standing requirements are "1) injury-in-fact, [i.e.,] an injury to the plaintiff proximately caused by the defendants' conduct; 2) antitrust injury; and 3) proper plaintiff status, which assures that other parties are not better situated to bring suit."    *Sanger Ins. Agency v. HUB Int'l, Ltd.*, 802 F.3d 732, 737 (5th Cir. 2015) (*citing Jebaco*, 587 F.3d at 318).    The Complaint on its face fails to sufficiently allege antitrust injury.    Accordingly, Plaintiff lacks standing to assert that claim.

## IV.    THE COMPLAINT FAILS TO STATE A CLAIM.

### A.    Plaintiff's Constitutional Claims Fail as a Matter of Law.

Counts I-III, Count V, and Count VII of the Complaint purport to vindicate constitutional violations.[3]    (Doc. No. 1)    Count IX asserts a discrimination claim under 1983.    Because it is well-settled that § 1983 claims may be asserted only

---

[3]    Section 1983 provides the vehicle for vindicating violations of federal rights. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

against "persons," and "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," those claims fail as a matter of law.   *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

## B.   Plaintiff Failed to State a Claim Under the Sherman Act.

Further, Plaintiff alleges that North Carolina has violated Section 2 of the Sherman Act, which prohibits monopolization and attempted monopolization, 15 U.S.C. § 2, simply by passing the behavioral analyst regulatory scheme.

Section 2 of the Sherman Act prohibits the monopolization or attempted monopolization of any trade or commerce. 15 U.S.C. § 2.   A defendant is liable for monopolization under section 2 where it (1) possesses monopoly power and (2) achieves or maintains its monopoly power through anticompetitive conduct. See 15 U.S.C. § 2 (2012);   *Verizon Commc'ns, Inc. v. Law Offices of Curtis V. Trinko*, 540 U.S. 398 (2004); *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71 (1966).   In the Fifth Circuit, proving anticompetitive conduct also "[g]enerally" requires "some sign that the monopolist engaged in behavior that—examined without reference to its effects on competitors—is economically irrational."   *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 523 (5th Cir. 1999).

The Plaintiff contends that the Supreme Court's decision in *N.C. State Bd. of Dental Exam'rs v. FTC,* 574 U.S. 494 (2015) supports   holding that the Act violates the Section 2. Plaintiff's reliance on *FTC* is misplaced.

The Supreme Court in *FTC* held that, because six out of eight of the Dental Board's voting members were active market participants (*i.e.,* licensed dentists) in

the very occupation the board regulated, the Board could invoke state-action antitrust immunity only if it was subject to active supervision by the State.  The Court a recognized that the board was not actively supervised by the State.  *Dental Board,* 574 U.S. at 499.

The facts of this case are decisively distinguishable from those in *FTC*.  The statute at issue here provides that *all* Board members are appointed by elected State officials and thus actively supervised by the State.  N.C. Gen. Stat. § 90-733(a)(1)-(3).

At bottom, Plaintiff has failed to assert allegations in the Complaint that demonstrate the requisite anticompetitive conduct, that is exclusionary conduct, to sustain his claim under Section 2 of the Sherman Act. *Id*.  And North Carolina is shielded from liability by the State Action Doctrine.  *Parker v. Brown*, 317 U.S. 341 (1943).

### C.  The Plaintiff's Assertions That the Act Violates the National Labor Relations Acts Fails to State a Claim.

Plaintiff alleges that Act violates the National Labor Relations Act ("NLRA") by purportedly violating behavioral analyst rights to refrain from union activity. Plaintiff's allegations fail as a matter of law.  The Plaintiff does  not cite any authority for the proposition that the NLRA applies to organizations that are not unions, but that "function like unions" in one or more unidentified ways.   Moreover, the Plaintiff nowhere alleges that he is a worker covered by the NLRA.

Plaintiff contends that the Act he claims amounts to an agency-shop arrangement allegedly in violation of the NLRA, *citing Janus v. AFSCME, Council*

*31,* 138 S. Ct. 2448, 2464, 201 L. Ed. 2d 924 (2018); *Knox v. SEIU, Local 1000,* 567 U.S. 298, 303 (2012).

But these decisions apply only to statutes that imposed an agency-shop arrangement by a public sector NLRA-certified union on a public sector employee who was not a member of the union.   Here, the Plaintiff nowhere alleges that the Board is a union, certified or otherwise, or that he is a non-union public sector employee. He alleges only that the NBAB "functions like a union."   (*E.g.,* Doc. No. 1, ¶ 70)

Accordingly, the Plaintiff's Complaint fails to state a claim that is plausible on its face.

### D.    Plaintiff Has Failed to State a Claim Under the Rehabilitation Act.

The Rehabilitation Act provides protection from discrimination based on disability to employees of the federal government, federal agencies, and programs receiving federal funds.   The statute further prohibits employer retaliation against employees who engage in protected activities, such as opposing practices made unlawful by the Rehabilitation Act or participating in administrative proceedings under the Rehabilitation Act. *See* 29 C.F.R. § 1614.101(b); *Shannon v. Henderson*, 275 F.3d 42 (5th Cir. 2001).   The plaintiff does not allege that he is an employee of the federal government, federal agency or a program receiving federal funds. Moreover, the Plaintiff does not allege that he is disabled or that, as a result of any disability, he is in any way injured or harmed by the Act.   therefore, has failed to state aa claim for relief under the Rehabilitation Act of 1973 that is plausible on its face.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

Respectfully submitted, this the 22nd day of September 2023.

Respectfully submitted,

By: /s/ Scott R. Wiehle
**Scott R. Wiehle**
Texas Bar No. 24043991
Email: scott.wiehle@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

and

**Tamika L. Henderson**
Special Deputy Attorney General
N.C. State Bar No. 42398
Email: tlhenderson@ncdoj.gov
N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-6900
Facsimile: (919) 716-6763

**COUNSEL FOR**
**STATE OF NORTH CAROLINA**

—16—

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of September 2023, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will automatically serve electronic copies on all counsel of record, and served upon Plaintiff via electronic mail, as follows:

Michael Moates
4501 Nautilus Circle #710
Fort Worth, Texas 76112
P: 254-966-2837
Email: mike@cpmht.com
*Pro se Plaintiff*


/s/ Scott R. Wiehle
**Scott R. Wiehle**

17